UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINA FRENCH,<br><br>              Plaintiff,<br><br>     v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF HEALTH, et al.,<br><br>              Defendants. | CASE NO. C15-0859JLR<br><br>ORDER |
| NINA FRENCH,<br><br>              Plaintiff,<br><br>     v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF HEALTH, et al.,<br><br>              Defendants. | CASE NO. C17-0210JLR |

ORDER - 1

## I.  INTRODUCTION

This matter comes before the court on Plaintiff Nina French's February 15, 2017, and February 23, 2017, letters to the court (2/15/17 Letter (Dkt. # 35); 2/23/17 Letter (Dkt. # 36)),[1] and the Honorable Richard A. Jones's February 24, 2017, transfer of a related case, *French v. Washington State Department of Health, et al.*, No. C17-0210JLR, Dkt. # 5.  For the reasons set forth below, the court consolidates this matter with Case No. C17-0210JLR, construes Ms. French's letters as moving for reconsideration of the court's February 13, 2017, order and judgment, and orders Defendant Washington State Department of Health ("the DOH")[2] to respond to Ms. French's motion for reconsideration.

## II.  BACKGROUND & ANALYSIS

This case arises out of Ms. French's employment with divisions of the DOH at various times between 2010 and 2014.  (FAC (Dkt. # 18) Ex. 2 at 1.)  On June 4, 2015, Ms. French, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed her initial complaint against the DOH.  (*See* Compl. (Dkt. # 3); IFP Mot. (Dkt. # 1); Order Granting IFP Status (Dkt. # 2).)  Pursuant to Ms. French's request, the court ordered the United States marshal to serve the DOH within 30 days of July 8, 2016.  (7/8/16 Order (Dkt.

//

---

[1] All record citations in this order are to Case No. C15-0859JLR.

[2] The other named defendants have not yet appeared.  (*See generally* Dkt.)  The court nevertheless determined that its conclusions that Ms. French had not shown a basis for the court's subject matter jurisdiction and failed to state a claim applied equally to all defendants.  (*See* 1/25/17 Order (Dkt. # 32) at 3 n.3.)

ORDER - 2

# 13) (citing 28 U.S.C. § 1915(d) (Upon an IFP plaintiff's request, "the officers of the court shall issue and serve all process.")).)

After the DOH was served, Ms. French filed another action, which the court consolidated with this matter. (10/4/16 Order (Dkt. # 17).) Because Ms. French intended to amend her complaint rather than file a new case, the court construed Ms. French's filing as an amended complaint when it consolidated the two cases. (*Id.*; FAC.)

On October 31, 2016, the DOH filed a motion for judgment on the pleadings. (MJP (Dkt. # 23).) The court granted the DOH's motion because it found that Ms. French had not met her burden of establishing the court's subject matter jurisdiction and that she failed to state a claim for relief under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, or Washington law. (*See* 1/25/17 Order at 7-8.) However, in light of Ms. French's *pro se* status, the court granted Ms. French leave to amend her complaint within 14 days of the date of the court's order. (*See id.* at 10.) In granting leave to amend, the court directed Ms. French to carefully consider the deficiencies that the court had identified in Ms. French's complaint (*id.* at 8) and stated that it would not entertain any further requests from Ms. French for favorable treatment from the court (*id.* at 9). Ms. French's deadline to amend her complaint was February 8, 2017. (*See id.* at 10.)

Because it appeared that Ms. French had failed to amend her complaint by the deadline, on February 13, 2017, the court dismissed her case with prejudice and entered judgment. (*See* 2/13/17 Order (Dkt. # 33); Judgment (Dkt. # 34).) Three days later, on February 16, 2017, the court received a copy of Ms. French's letter dated February 15,

2017.  (*See* 2/15/17 Letter.)  In the letter, Ms. French explains that she attempted to amend her complaint on February 9, 2017, one day after the deadline the court set for amendment, but she again inadvertently opened a new case, which was pending before another judge in this District.  (*See id.*)  After Ms. French's letter was docketed in both matters, the Honorable Richard A. Jones transferred Ms. French's newly opened case—Case No. C17-0210—to the undersigned judge as related to Ms. French's earlier case—Case No. C15-0859.  On February 23, 2017, Ms. French wrote a second letter to the court in which she "petition[s] the court to keep" Case No. C15-0859JLR "open."  (2/23/17 Letter at 1.)

The court now addresses Ms. French's attempt to amend her complaint, her inadvertent filing of a new matter, and her February 15, 2017, and February 23, 2017, letters.

**A.     Consolidation**

Federal Rule of Civil Procedure 42(a) permits courts to consolidate actions if they "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  This rule affords courts "broad discretion" to consolidate cases pending in the same district, either upon a party's motion or *sua sponte*.  *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).  Here, the court determines that it is appropriate to consolidate the two cases.  The two cases stem from Ms. French's employment with the DOH and clearly "involve a common question of law or fact."  Fed. R. Civ. P. 42(a); (*compare* FAC, *with French*, C17-0210JLR, Dkt. # 1 ("SAC").)  Principles of judicial economy therefore support consolidation.

**B.     Reconsideration**

Because Ms. French is proceeding *pro se*, the court liberally construes Ms. French's February 15, 2017, and February 23, 2017, letters as a motion for reconsideration of the court's February 13, 2017, order dismissing her case with prejudice and entry of judgment.  (*See* 2/15/17 Letter; 2/23/17 Letter; 2/13/17 Order; Judgment.)  Although "[m]otions for reconsideration are disfavored," the court may grant such motions if the moving party demonstrates (1) "a showing of manifest error in the prior ruling," or (2) "a showing of new facts or legal authority which could not have been brought to the [court's] attention earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).  As Ms. French explains in her letter, she filed her amended complaint on February 9, 2017,[3] and her "amended complaint was given a new case number" because she was unsure whether she could use her existing case number when filing her new complaint.  (2/15/17 Letter at 1; *see also* 2/23/2017 Letter at 1 (requesting that the court keep the earlier-filed action "open".)  Accordingly, Ms. French's letter appears to raise a new fact that she could not have reasonably brought to the court's attention earlier—that her intended amended complaint opened a new case before a different judge and was not placed on the docket in this matter prior to the court entering

---

[3] Ms. French filed her intended amended complaint one day after the deadline the court set in its January 25, 2017, order.  (*See* 1/25/17 Order at 10.)  As the court has stated repeatedly, however, even though she is proceeding *pro se*, Ms. French must comply with all applicable Federal Rules of Civil Procedure and Local Civil Rules for the Western District of Washington.  Ms. French's repeated failures to comply with the applicable rules unduly burdens the court and the other parties to this action.

its order of dismissal and judgment.[4]  (2/15/17 Letter at 1; *see also* 2/23/2017 Letter at 1.) The court is therefore considering granting the motion to reconsider, vacating its February 13, 2017, order and judgment, and construing Ms. French's complaint in Case No. 17-0210JLR as her second amended complaint in this matter.

Pursuant to Local Rule 7(h)(3), the court orders the DOH to respond to Ms. French's motion for reconsideration.  The DOH must file its response no later than seven (7) days after the entry of this order and shall limit its response to no more than five (5) pages.  Ms. French may not file a reply.

### III.   CONCLUSION

For the reasons set forth above, the court DIRECTS the Clerk to consolidate these two matters under Case No. C15-0859JLR.  The court ORDERS the DOH to file a response of no more than five (5) pages addressing Ms. French's motion for reconsideration no later than seven (7) days after the entry of this order.

Dated this 2nd day of March, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[4] The fact that Ms. French does not have access to the electronic docket (*see generally* Dkt.) further bolsters Ms. French's contention that she could not have brought to the court's attention earlier that her intended amended complaint opened a new matter.